JONES, Justice
(concurring in part and dissenting in part).
I agree that the judgment appealed from is due to be reversed as to the plaintiff’s breach of contract and conspiracy to defraud claims; but I disagree with the majority’s view that the judgment is due to be affirmed as to the bad faith claim. The same evidence giving rise to a factual dispute regarding the breach of contract and conspiracy to defraud claims also gives rise to a factual dispute regarding the issue of Mid-South’s bad faith in failing to pay the plaintiff’s benefits.
I totally disagree with the majority’s rationale to the effect that the elements of bad faith have not been shown because the plaintiff made no claim for benefits against Mid-South and, thus, Mid-South was not shown to have refused payment. If this is true, how can the Court hold that the trial court erred in dismissing the plaintiff’s claims for breach of contract and conspiracy to defraud? Of course, the plaintiff’s breach of contract and conspiracy to defraud claims are grounded in his allegation and proof that Mid-South has breached its duty to pay the plaintiff’s disability benefits. The same allegation and proof form the basis for his “bad faith failure to pay” claim.